**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOSE J. THOTTUMKAL, <br><br>            Plaintiff, <br><br>     v. <br><br> AFNI INC., <br><br>            Defendant. | Case No.  4:21-cv-02288 |

**NOW COMES** JOSE J THOTTUMKAL, through his undersigned counsel, complaining of AFNI INC., as follows:

## NATURE OF THE ACTION

1.      This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental matter jurisdiction Plaintiff's claims pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      JOSE J. THOTTUMKAL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Missouri City, Texas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

1

8.      AFNI INC. ("Defendant") is a corporation specializing in the practice of debt collection in various states.

9.      Defendant maintains its principal place of business at 404 Brock Drive Bloomington, Illinois 61701.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

11.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12.     At some point, Plaintiff obtained a cellular telephone account with Verizon Wireless.

13.     Plaintiff used the cellular telephone account for personal purposes.

14.     Unsatisfied with his current carrier, Plaintiff looked for another carrier to receive cellular services.

15.     In October 2020, Plaintiff transferred his cellular telephone numbers to wireless carrier, T-Mobile.

16.     As of October 3, 2021, Plaintiff no longer utilized Verizon Wireless for his cellular services.

17.     On or around November 17, 2020, Defendant mailed Plaintiff a collection notice regarding the canceled Verizon Wireless account ("Defendant's Letter").

18.     Defendant's Letter detailed that the account in collections was for Verizon Wireless in the amount of $426.59 ("subject debt").

19.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

2

20.     Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

21.     Specifically, Defendant's Letter referenced numerous bar codes that suggest a third-party vendor uses that for sorting purposes.

22.     Additionally, Defendant's Letter was sent from the PO BOX of 4115 Concord California, which suggests a third-party vendor drafted and sent the letter.

23.     Upon information and belief, the numerous bar codes and/or QR codes belong to the third-party vendor that prepared and mailed Defendant's Letter.

24.     By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third party that Plaintiff allegedly owed the subject debt.

25.     Specifically, Defendant disclosed information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt.

26.     Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff ("Defendant's letter").

27.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

28.     Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

29.     Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

30.     Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

31.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

32.     The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

33.     Furthermore, Plaintiff at no time owed this debt and was completely flabbergasted that Defendant was attempting to collect on the debt.

34.     To make things worse, Plaintiff started to receive collection calls from Defendant.

35.     Plaintiff explained the situation and how he no longer wished to receive collection calls.

36.     Unfortunately, Defendant continued to contact Plaintiff via unwanted and unconsented collection calls.

37.     Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

38.     Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

39.     Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

40.     Plaintiff adopts and incorporates all paragraphs as fully stated herein.

41.     Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

42.     As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

43.     Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

44.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

45.     Defendant violated § 1692c(a)(1) by placing at least 30 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

5

46.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

47.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

48.     Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

49.     Defendant violated §§ 1692d and d(5) by placing at least 30 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

50.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

51.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

52.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, JOSE J. THOTTUMKAL, requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692c and d;

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

C.     an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## COUNT II:

### Texas Debt Collection Act (Tex. Fin. Code Ann. §392 *et. seq.*)

53.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth.

54.      Section 392.304(6) of the Texas Finance Code prohibits a debt collector from using fraudulent, deceptive, or misleading representation by "using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number if the written notice refers to a delinquent consumer debt." Tex. Fin. Code Ann. §392.304(6).

55.      Section 392.304(7) of the Texas Finance Code prohibits a debt collector from using fraudulent, deceptive, or misleading representation by "using a written communication that demands a response to a place other that the debt collector's or creditor's street address or post office box." Tex. Fin. Code Ann. §392.304(7).

56.      Defendant violated §392.304(6) by using a return address of a third-party vendor, failing to clearly state the Defendant's own address or post office box when Defendant's Letter referred to the subject debt.

57.      Defendant violated §392.304(7) by listing a return address for a third-party vendor, failing to provide Defendant's own address or post office box for Plaintiff to send a written dispute regarding the validity of the subject debt.

58.      Section 392.302(4) of the Texas Finance Code prohibits a debt collector from oppressing, harassing, or abusing a person by "causing a telephone to ring repeatedly or

continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code Ann. § 392.302(4).

59.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuously placing collection calls to Plaintiff after Plaintiff requested that the phone calls cease.

60.     According to Tex. Fin. Code Ann. §392.403, Plaintiff may sue for "(1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code Ann. §§ 392.403(a)(1) and (a)(2).

**WHEREFORE,** Plaintiff, JOSE J. THOTTUMKAL, requests that this Honorable Court enter judgment in his favor as follows:

   a. Finding that Defendant violated Tex. Fin. Code Ann. §§392.304(6), 392.304(7) and 392.302(4);

   b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. §392.403(a)(1);

   c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. §392.403(a)(2);

   d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. §392.403(b); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 15, 2021

Respectfully submitted,

**JOSE J. THOTTUMKAL**

*/s/ Victor T. Metroff, Esq.*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Counsel for Plaintiff

SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com